# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE ESTATE OF THOMAS G.
STONE, JR.,

      Plaintiff,

      v.

BAYHEALTH MEDICAL CENTER,
INC.,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

C.A. No: K22C-03-017 JJC

Submitted: June 27, 2022
Decided:  July 6, 2022

## ORDER

### *Upon Review of the Affidavit of Merit –*
### DEFERRED

On this 6th day of July 2022, after considering (1) Defendant Bayhealth Medical Center, Inc.'s  motion to test Plaintiff, the Estate of Thomas G. Stone, Jr.'s affidavit of merit, and (2) the affidavit filed by the Estate, it appears that:

1.    The Estate sues Bayhealth for medical negligence.  In the Estate's suit, it alleges that negligent medical care caused the death of Thomas Stone (the "Decedent").  Specifically, it alleges that Bayhealth is vicariously liable for the negligent diagnosis and treatment of the Decedent by Bayhealth's medical staff when the Decedent presented at the emergency room with severe right leg pain. Here,  Bayhealth moves for an *in camera* review of the Estate's affidavit of merit pursuant to 18 *Del. C.* § 6853(d).

2. In Delaware, a medical negligence complaint must be accompanied by an affidavit of merit as to each defendant, signed by the expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in practice in the same or similar field as the defendant in the three years immediately preceding the allegedly negligent act.[2] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's alleged injuries.[3] The affidavit must be filed under seal, and upon request, is reviewed *in camera* to ensure compliance with the statute's requirements.[4] As a general matter, an affidavit that tracks the statutory language complies with the statute.[5]

3. In this case, when the Estate filed its complaint, it moved for an extension to file its affidavit of merit. The Court found good cause to grant a sixty-day extension as permitted by 18 *Del. C.* 6853(a)(2). When the Estate filed an affidavit, it failed to attach the *curriculum vitae* of its expert witness.

4. The Court recognizes that 18 *Del. C.* § 6853 requires a plaintiff to supplement his or her expert's affidavit of merit with the expert's *curriculum vitae*, and that the failure to do so constitutes noncompliance with the statute.[6] Nevertheless, the Court has discretion to choose an appropriate remedy for such noncompliance.[7] When exercising this discretion, the Court must balance the appropriateness of dismissing an action against a policy that favors deciding a case on the merits.[8] In the context of a missing *curriculum vitae*, the Delaware Supreme

---

[1] 18 *Del. C.* § 6853(a)(1).
[2] *Id.* § 6853(c).
[3] *Id.*
[4] *Id.* § 6853(d).
[5] *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011).
[6] *Dishmon*, 32 A.3d at 344; *Estate of Requa v. Bayhealth Medical Center, Inc.*, 2019 WL 2366871, at *1 (Del. Super. Ct. June 4, 2019).
[7] *Estate of Requa*, 2019 WL 2366871, at *1.
[8] *Id.*

Court has previously held that a party's inadvertent failure to include a *curriculum vitae* with the party's sealed submission does not, by itself, justify dismissal.[9] Rather, according to the Supreme Court, a plaintiff's inadvertent failure to include a *curriculum vitae* with the affidavit of merit should be viewed as a procedural deficiency and not as an independent basis for dismissal.[10]

5.    Here, there are no facts to suggest that the Estate, itself, bears the responsibility for the attorney's failure to include the document in the envelope.[11] Nor are their facts to suggests that the Estate's attorney acted in bad faith when failing to include the document.   Furthermore, the affidavit specifically references an attached *curriculum vitae*.   Because of the public policy that favors resolving litigation on the merits, the Court will provide the Estate an additional short extension to file the *curriculum vitae* that the expert referenced in his or her affidavit. In light of the previous sixty-day extension, the Court will provide the Estate an additional seven days from the date of this Order to file it.  If the Estate fails to do so within seven days, the Court will dismiss the case, with prejudice, without the need for Bayhealth to take further action.   On the other hand, if the Estate files the expert's *curriculum vitae* within seven days, the Court will perform the required statutory review.

**WHEREFORE**, for the reasons discussed above, the Court's review of the affidavit of merit is **DEFERRED**.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*

---

[9] *Dishmon*, 32 A.3d at 345.
[10] *Id.*
[11] *Id.*